*DOCKET NO. 876*

*BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION*

*IN RE CRAIG SUPPLY, INC./STERLING SUPPLY CORP. ASSET ACQUISITION LITIGATION*

*BEFORE JOHN F. NANGLE, CHAIRMAN, S. HUGH DILLIN, MILTON POLLACK,* LOUIS H. POLLAK, HALBERT O. WOODWARD, ROBERT R. MERHIGE, JR., AND WILLIAM B. ENRIGHT, JUDGES OF THE PANEL*

*TRANSFER ORDER*

This litigation presently consists of two actions pending in two federal districts: one action each in the District of New Hampshire and the District of Massachusetts. Before the Panel is a motion by Sterling Supply Corporation (Sterling), the plaintiff in the Massachusetts action and a defendant in the New Hampshire action, to transfer the New Hampshire action, pursuant to 28 U.S.C. §1407, to the District of Massachusetts for coordinated or consolidated pretrial proceedings with the action pending there. One defendant in the Massachusetts action does not oppose the motion, while another Massachusetts defendant supports centralization, but favors the District of New Hampshire as transferee court. Ralph B. Craig, Jr. (Craig), the New Hampshire plaintiff and a defendant in the Massachusetts action, opposes the Section 1407 motion. Alternatively, he supports centralization in the New Hampshire forum.

On the basis of the papers filed,[1] the Panel finds that the actions in this litigation involve common questions of fact and that centralization under Section 1407 in the District of New Hampshire will best serve the convenience of most parties and witnesses and promote the just and efficient conduct of this litigation. Both actions share questions of fact arising out of the June 1989 acquisition of Craig Supply, Inc.'s (Craig Supply) assets by Sterling. Centralization under Section 1407 is thus desirable in order to avoid duplication of discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Although both suggested transferee districts are in proximity to each other, we are persuaded that the District of New Hampshire

---

[*] Judge Milton Pollack took no part in the decision of this matter.

[1] The parties waived oral argument and accordingly the question of transfer of the actions under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L., 120 F.R.D. 251, 262 (1988).

- 2 -

is the appropriate transferee district. We note that discovery is already under way in the New Hampshire action; that the documents at issue in this litigation provide that they are to be construed in accordance with New Hampshire law; and that Craig Supply's bankruptcy action is pending there.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the action listed on the attached Schedule A and pending in the District of Massachusetts be, and the same hereby is, transferred to the District of New Hampshire and, with the consent of that court, assigned to the Honorable Shane Devine for coordinated or consolidated pretrial proceedings with the action pending in that district and listed on Schedule A.

FOR THE PANEL:

_____
John F. Nangle
Chairman

SCHEDULE A

<u>MDL-876 -- In re Craig Supply, Inc./Sterling Supply Corp. Asset Acquisition Litigation</u>

### District of New Hampshire

<u>Ralph B. Craig, Jr. v. Gary J. Wasserson, et al.</u>, C.A. No., 90-314-D

### District of Massachusetts

<u>Sterling Supply Corp. v. Ralph B. Craig, Jr. et al.</u>, C.A. No. 91-10134 WF